UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

APPLE INC.,

Petitioner,

v.

AMAZON.COM, INC.,

Respondent.

Case No. 2:17-mc-00070 RSL

**MOTION TO COMPEL COMPLIANCE WITH SUBPOENA**

Underlying case: *Apple Inc. v. Mobile Star, LLC,* No. 3:16-cv-6001-WHO (N.D. Cal.)

**NOTING DATE: July 28, 2017**



ORRICK, HERRINGTON & SUTCLIFFE LLP
701 5th Avenue, Suite 5600
Seattle, Washington 98104
+1 206-839-4300

## I. INTRODUCTION

Amazon.com, Inc. ("Amazon.com") identified defendant Mobile Star LLC ("Mobile Star") as its supplier of counterfeit Apple goods that Amazon.com sold directly to consumers on its amazon.com website. These counterfeit Apple products include Lightning® cables and power adapters, the latter of which Apple's tests showed were so poorly designed and constructed that they posed serious safety risks to consumers, including the possibility of overheating, fire, electric shock, and even a potentially lethal shock.

Apple filed a complaint against Mobile Star in the United States District Court for the Northern District of California and obtained injunctive relief barring Mobile Star from, among other things, supplying counterfeit Apple products to sellers like Amazon.com and Groupon, Inc. As part of its case on the merits, Apple subpoenaed third-party Amazon.com to produce a Rule 30(b)(6) witness on a limited set of deposition topics directed at understanding how the dangerous counterfeit products that Mobile Star supplied were made available to consumers for purchase. There are open questions about Mobile Star's conduct that Amazon is uniquely positioned to resolve, including the universe of Apple-branded products Mobile Star supplied Amazon.com, how Mobile Star began supplying Amazon.com with these products, and the representations Mobile Star made to Amazon.com about the source and authenticity of those products. The Rule 30(b)(6) topics on which Apple seeks to depose Amazon.com will elicit facts that are critical to Apple's case against Mobile Star that Apple cannot obtain from another source.

Amazon.com, however, has repeatedly refused to produce a witness. Amazon.com claims that Apple's subpoena for testimony is unduly burdensome, that it would be expensive and time consuming to prepare a witness, and that the subpoena violates the deposition limits of Federal Rule of Civil Procedure 30 because Apple had previously taken a narrow, limited deposition of Amazon.com in the context of expedited discovery on Apple's motion for preliminary injunction against Mobile Star. Amazon.com's objections are baseless; they ignore legal precedent supporting the requested discovery, as well as an order in the



ORRICK, HERRINGTON & SUTCLIFFE LLP
701 5th Avenue, Suite 5600
Seattle, Washington 98104
+1 206-839-4300

underlying case permitting such discovery.

Amazon.com proclaims to have a "zero tolerance policy" against counterfeit goods on its platform. Yet, when asked to provide limited discovery that would assist Apple in eliminating such counterfeit goods on Amazon.com's website, Amazon.com has refused. Neither the law nor the facts support Amazon.com's position. The Court should grant Apple's motion to compel Amazon.com to comply with Apple's subpoena and produce one or more corporate representatives to testify on the topics contained therein.

## II. BACKGROUND

### A. Apple Sues Mobile Star in the Northern District of California Over Products Sold Through Amazon.com.

In October of 2016, Apple filed suit in the Northern District of California against Mobile Star and as-yet unnamed Doe defendants. Declaration of Thomas Zellerbach ("Zellerbach Decl.") ¶ 3, Ex. A. (Compl.). In its suit, Apple alleges that Mobile Star supplied Amazon.com with counterfeit Apple products that Amazon.com then sold through its e-commerce site at www.amazon.com. *Id.* ¶ 4, Ex. A ¶¶ 26-32. The counterfeit Apple products at issue include Lightning® cables and adapters, the latter of which Apple's tests showed were so poorly designed and constructed that they posed serious safety risks to consumers, including the possibility of overheating, fire, electric shock, and even a potentially lethal electric shock. *Id.* ¶ 5, Ex. B (Pearson Decl.) ¶¶ 6-9.

Prior to filing suit, Apple made several "controlled buys" of suspected counterfeit Apple products that were sold directly by Amazon.com. *Id.* ¶ 4, Ex. A (Compl.) ¶ 26. Specifically, Apple purchased products associated with twelve Amazon Standard Identification Numbers ("ASINs"). *Id.* Ex. A ¶ 26. Each of the twelve offers was for an Apple power product such as an Apple 5W, 10W, or MagSafe® power adapter, Lightning® cable, or combination of two or more such products. *Id.* Ex. A ¶ 27. The products were listed as "sold by Amazon.com" and were identified in the Amazon.com listings as genuine Apple products. *Id.* Ex. A ¶ 27. Apple determined that the products were counterfeit. *Id.* ¶ 4, Ex. A ¶ 27.

Amazon.com informed Apple that Mobile Star was its source for these power products.

*Id.* ¶ 4, Ex. A ¶ 28. Amazon.com turned over additional products purchased from Mobile Star and listed for sale under the twelve ASINs, and Apple estimated that the vast majority were counterfeit as well. *Id.* ¶ 4, Ex. A ¶¶ 3, 28. Based on Amazon.com's representations that Mobile Star was the supplier of the counterfeit goods, Apple filed suit against Mobile Star alleging violations of the Lanham Act, 15 U.S.C. §§ 1114(1) (Trademark Counterfeiting and Infringement) and 1125(a)(1)(A) (False Designation of Origin); violations of the Copyright Act, 17 U.S.C. § 501 (Copyright Infringement); and a claim under California state law.

### B. Apple Obtains Preliminary Injunction Against Mobile Star

Shortly after filing suit against Mobile Star, Apple sought a preliminary injunction to prevent further sale of these counterfeit products. Zellerbach Decl. ¶ 5. In connection with that effort, Apple moved for limited and narrow expedited discovery from Mobile Star and Amazon.com in support of its preliminary injunction. *Id.* ¶ 6, Ex. C (Mot. for Expedited Disc.) at 2-3, 9. As it relates to Amazon.com, Apple sought expedited discovery on two specific topics in support of its preliminary injunction motion: (i) Amazon.com's purchase or acquisition of Apple-branded products from Mobile Star in the past three years and (ii) Amazon.com's records substantiating that Mobile Star was the source of the counterfeit products. *Id.* ¶ 6, Ex. C at 6; Ex. F (Expedited Disc. Subpoena) at 6-7. In its motion, Apple noted that "much of the discovery that Apple will eventually need from . . . Amazon.com . . . can wait" and specifically reserved its right to take broader discovery from Amazon.com after the parties' Rule 26(f) conference. *Id.* ¶ 6, Ex. C at 2-3, 9 n.3.

On that basis, the Court entered an order granting Apple expedited document and deposition discovery against Amazon.com via third party subpoena pursuant to Federal Rules of Civil Procedure 30(b)(6), 34 and 45 ("Order on Expedited Discovery"). *Id.* ¶ 8, Ex. E ¶ 1. Recognizing that Apple's request for expedited discovery was narrowly tailored for the purposes of the preliminary injunction, the court provided that "[n]othing in the [order] prejudices either party's ability to take additional discovery following the parties' Rule 26(f) conference." *Id.* ¶ 8, Ex. E ¶ 7.

Amazon.com objected to the subpoena, but did make a limited document production in

late December 2016 and offered a witness (Kevin Ireland) to testify as Amazon.com's corporate representative at a deposition that was conducted on January 11, 2017. *Id.* ¶ 10. Mr. Ireland's deposition testimony was limited by his knowledge to the very narrow topic of one method Amazon.com uses to determine the source of products in its inventory. *Id.* Mr. Ireland was unable to answer questions beyond the narrow scope of how that method applies to the twelve ASINs initially identified by Amazon.com as products supplied by Mobile Star. *Id.*

Shortly after the deposition, Mobile Star stipulated to a preliminary injunction, and the court entered the order on January 30, 2017. *Id.* ¶ 11.

### C. <u>Apple Seeks Discovery from Amazon.com Following Rule 26(f) Conference</u>

After entry of the preliminary injunction against Mobile Star, the parties held their Rule 26(f) conference on January 31, 2017. Zellerbach Decl. ¶ 11. Apple served Amazon.com with a subpoena for a deposition on May 1, 2017, with an appearance date of May 17, 2017 ("May 1 Subpoena"). *Id.* ¶ 13, Ex. G. Apple identified seven topics for testimony in the May 1 Subpoena. Six of the seven topics were entirely distinct from the topics identified in the Expedited Discovery Subpoena. Only one topic even slightly overlapped with a topic identified for testimony in the Expedited Discovery Subpoena. In the May 1 Subpoena, Apple sought testimony on the identity and quantity of Apple-branded products that Amazon.com acquired from Mobile Star for the four years prior to suit—to cover the accounting period for Apple's recovery of profits from Mobile Star—instead of just for the past three years.[1] *Id.* ¶ 13.

Since the May 1 Subpoena was served, Amazon.com has repeatedly avoided producing a witness to testify. First, counsel for Amazon.com initially indicated that no witness was available on the noticed date of May 17, 2017, but stated that he would check on another date. *Id.* ¶ 14. Four days later, Amazon.com objected to the May 1 Subpoena, but failed to propose

[1] In any event, Amazon.com did not provide information for the past three years during expedited discovery; Amazon.com's document production and deposition testimony were limited to the approximately year-and-a-half period for which Mobile Star had supplied products for the twelve ASINs identified by Apple. *See* Zellerbach Decl. ¶ 10.

an alternative date for the deposition or even agree to provide a Rule 30(b)(6) witness. *Id.* ¶ 15; Ex. H (Objs. to May 1 Subpoena).

Having received no proposed alternative date for the deposition from Amazon, Apple amended its subpoena on May 30, 2017, with a new appearance date of June 15, 2017 ("Amended Subpoena"). *Id.* ¶ 17; Ex. J. The only substantive change in the Amended Subpoena was the addition of document requests related to the deposition topics set forth in the May 1 Subpoena. *Id.* ¶ 17. On the same day, Apple informed Amazon.com that it was willing discuss alternative dates for compliance. *Id.* ¶ 18; Ex. K (Email from T. Zellerbach).

Amazon.com waited until June 13, 2017, two days before the noticed deposition, to make any response. Amazon.com objected to, among other things, Apple's issuance of "serial subpoena[s]." *Id.* ¶ 19, Ex. L (Objs. to Am. Subpoena) at 1-2. Amazon.com objected that it had already provided a Rule 30(b)(6) witness during expedited discovery and that Apple's Amended Subpoena "imposes [an] undue burden and is inconsistent with the spirit and purpose of the Federal Rules." *Id.* ¶ 19, Ex. L at 1-2. It did not, however, object that Apple's Amended Subpoena violated Rule 30(a)(2)(A)(ii)'s one witness, one deposition rule.

On June 20, 2017, Amazon.com indicated that it was in the process of gathering documents, but was disinclined to produce a witness for deposition. *Id.* ¶ 20. Apple explained in detail why deposition testimony and a complete document production were necessary to Apple's case against Mobile Star. Apple explained that the Expedited Discovery Subpoena was narrowly tailored so that Apple could obtain basic information on an expedited basis in connection with its preliminary injunction motion. Apple also advised Amazon.com that the court's order explicitly contemplated that Apple would be permitted to take broader discovery after the parties' Rule 26(f) conference. *Id.* ¶ 21, Ex. M (Letter from T. Zellerbach).

After receiving no formal response, Apple tried again and served Amazon.com with another subpoena on June 28, 2017, noticing the deposition for July 7, 2017 ("Second Amended Subpoena"). *Id.* ¶ 22, Ex. N. The Second Amended Subpoena is identical in all respects to the Amended Subpoena, except for the date of testimony. *See id.* ¶ 22.

On July 5, 2017, Amazon.com made it clear that it was not willing to produce a witness

for deposition, objecting (for the very first time) that "Apple's subpoena violates Rule 30's one deposition rule, rendering it invalid and null and void." *Id.* ¶ 24, Ex. P (Objs. to Second Am. Subpoena) at 4; Ex. Q (Email from J. Goldmark) ("Amazon will not be appearing for a second deposition without a valid court order to do so, which Apple has not obtained.").

Amazon.com failed to appear on July 7, 2017. Swaminathan Decl. ¶ 3. On July 10, 2017, counsel for Apple and for Amazon.com held a telephonic meet and confer in a good faith attempt to resolve this dispute without court action, but were unable to do so. *Id.* ¶ 4.

## III. ARGUMENT

### A. Testimony from Amazon.com is Relevant and Critical to Apple's Claims

Rule 45 subpoenas are subject to Rule 26, which recognizes that "information is discoverable . . . if it is relevant to any party's claim or defense and is proportional to the needs of the case." Fed. R. Civ. P. 26 advisory committee's note to 2015 amendment. There can be no question in this matter that the topics on which Apple seeks to take Amazon.com's testimony are highly relevant and material to this case.

In the underlying action, Apple has alleged that Mobile Star is the source of dangerous counterfeit power products that Amazon.com sold through its e-commerce platform located at www.amazon.com. In order to pursue its various claims against Mobile Star, Apple needs information from Amazon.com and has thus issued the Second Amended Subpoena to depose an Amazon.com corporate representative on seven discrete topics.

The topics that Apple has designated for deposition go directly to the heart of Apple's claims and are therefore proper topics for a Rule 30(b)(6) deposition. Specifically, Apple seeks testimony regarding: the manner in which Amazon.com qualified Mobile Star as a seller of Apple-branded products and the procedures for ordering such products from Mobile Star (Topics 1-3); the steps that Amazon.com took in verifying the authenticity of Mobile Star's productions and in investigating complaints regarding the genuineness of its products (Topics 4-6); and the identity and quantity of Mobile Star products that Amazon.com has sold in order to understand the damages that it has suffered (Topic 7). *See* Zellerbach Decl. Ex. M (Second Am. Subpoena). Whether and to what extent Mobile Star provided the counterfeit Apple

products sold through Amazon.com's platform is one of the critical questions in this litigation, and only Amazon.com can provide that information with certainty. Representations and claims Mobile Star made to Amazon.com about the source of its Apple-branded products are also relevant to whether Mobile Star's trademark and copyright infringement was willful.[2] Each of these topics is directly relevant to Apple's claims against Mobile Star. Indeed, Amazon.com has not objected to the relevance of Apple's identified topics, except to the extent that they seek testimony unrelated to Mobile Star.

### B. Compliance with the Subpoena Will Not Impose Undue Burden and is Proportional in Light of the Needs of this Case

The Federal Rules of Civil Procedure require a party serving a subpoena to avoid imposing undue burden or imposing significant expense to a third party. *See* Fed. R. Civ. P. 45(d)(1) (a subpoena should "avoid imposing undue burden"); 45(d)(2)(ii) (a party should not incur "significant expense" complying with a subpoena). Here, Amazon.com has played a critical role in the distribution of counterfeit goods supplied by Mobile Star, and its testimony will be essential to Apple's claims against Mobile Star. Moreover, information provided by Mobile Star as to which Apple-branded products it supplied to Amazon.com and the nature of its interactions with Amazon.com has been inconsistent and incomplete. Given the importance of this information to Apple and Amazon.com's vast resources, compliance with Apple's subpoena is proportional to the needs of this case.

Amazon.com's refusal to provide a witness is based on its belief that the Second Amended Subpoena is improper because Apple previously requested deposition testimony and documents from Amazon.com during expedited discovery in connection with a pending preliminary injunction motion. Amazon.com complains that it has already produced 600 documents in this litigation and prepared a Rule 30(b)(6) witness to testify for nearly a full day, and therefore should not be required to provide any additional information. These objections are baseless.

[2] In its correspondence, Amazon.com argued that Apple could obtain information willfulness directly from Mobile Star. Zellerbach Decl. ¶ 23, Ex. O (Letter from J. Goldmark) at 3. The mere fact that Mobile Star may possess such evidence does not render any willfulness evidence in Amazon.com's possession irrelevant.

The Expedited Discovery Subpoena included only two deposition topics and were narrowly tailored to identify the Apple-branded products that Amazon.com had acquired from Mobile Star during a discrete time period and to identify Amazon.com's sources for specific products. The nature of the deposition was necessarily truncated due to the short time frame in which Apple's Preliminary Injunction motion was to be heard, and the court made clear that "[n]othing in the [order] prejudices either party's ability to take additional discovery following the parties' Rule 26(f) conference." Zellerbach Decl. ¶ 8, Ex. E (Order on Expedited Disc.). Indeed, Apple expressly reserved its rights to take broader discovery from Amazon.com following the Rule 26 conference. *Id.* ¶ 6, Ex. C (Mot. for Expedited Disc.) at 9 n. 3 ("Given the very narrow scope of the expedited discovery that Apple seeks from Mobile Star, Groupon, and Amazon.com, Apple reserved its rights to take broader discovery from them following the Rule 26 conference pursuant to the Federal Rules of Civil Procedure."). The mere fact that Amazon.com will need to provide and prepare an additional corporate representative to provide testimony in response to a Rule 30(b)(6) subpoena is neither unusual nor unduly burdensome—particularly in light of the circumstances of the first deposition.

Amazon.com also objects that the subpoena is unduly burdensome because it provides for a deposition on six business days' notice. As an initial matter, that objection—even if it were valid—would not justify Amazon.com's refusal to ever provide a witness to testify in response to the subpoena. Moreover, Amazon.com's characterization of having short notice is disingenuous: Apple initially served a subpoena notice on May 1, 2017, and since then, Apple has twice attempted to secure an Amazon.com witness for testimony, and twice been refused. Only after Apple served Amazon.com with a Second Amended Subpoena did it finally state that it would not provide a witness because it believed Apple's attempt to obtain further testimony was in violation of the Federal Rules of Civil Procedure. Amazon.com has had two-and-a-half months to prepare for a deposition on these topics, and its complaints regarding the timing of the subpoena should not be countenanced.[3]

---

[3] Apple's need for a timely deposition is due to the upcoming discovery cutoff date. Fact discovery cut-off for Mobile Star is on August 4, and Apple must take discovery of Amazon.com in order to adequately prepare for

Given the importance of Amazon.com's testimony in this case, the truncated nature of the first deposition, and Amazon.com's vast resources, the limited discovery that Apple seeks is clearly proportional to any burden it may impose on Amazon.com.

**C. Amazon.com's Other Objections – Including that Apple's Subpoena Violates the One Deposition Rule – are Without Merit**

Amazon.com's remaining objections to the deposition subpoena fare no better.

**1. Amazon.com's "One Deposition" Objection**

Amazon.com objects that the Second Amended Subpoena is invalid because it represents an improper second deposition in violation of the "one deposition rule" set forth in Rule 30(a)(2)(A)(ii), which requires either a stipulation among the parties or leave of the court to take more than one deposition of a deponent. Amazon.com's objection is without merit.

First, Rule 30(a)(2)(A)(ii) is designed to protect individual deponents from being subjected to multiple depositions, not corporations. Courts, therefore, have held that a second 30(b)(6) deposition does not violate the one-deposition rule when the topics set forth in the second deposition notice are not duplicative or overlapping. *See, e.g.*, *McCulloch v. Hartford Life and Accident Ins. Co.*, 223 F.R.D. 26 (D. Conn. 2004) (holding non-duplicative 30(b)(6) notices do not violate "one deposition" rule.); *Quality Aero Technology, Inc. v. Telemetrie Elektronik, GMBH*, 212 F.R.D. 313, 319 (E.D.N.C. 2002) (same). Here, the two Rule 30(b)(6) subpoenas issued to Amazon.com do not contain overlapping or duplicating topics (save for a part of the final topic) and therefore are not subject to the one-deposition rule.

Second, leave of the court is not required to take a second deposition if the parties stipulate to the deposition. Fed. R. Civ P. 30(a)(2)(A) (leave required "if the parties have not stipulated to the deposition …."). Here, Mobile Star has also served Amazon.com with a subpoena following the Parties' Rule 26(f) conference, seeking testimony on three topics, all of which are distinct and separate from the topics identified in Apple's subpoenas. Zellerbach Decl. ¶ 16, Ex. I (Mobile Star Subpoena). In other words, Mobile Star has discrete topics—different than the topics identified by Apple—on which Mobile Star wants to depose

---

and take testimony from Mobile Star—a fact that Apple has communicated to Amazon.com on multiple occasions.



ORRICK, HERRINGTON & SUTCLIFFE LLP
701 5th Avenue, Suite 5600
Seattle, Washington 98104
+1 206-839-4300

Amazon.com. Apple and Mobile Star are clearly in agreement that a second deposition of Amazon.com should take place because they have separately served Rule 30(b)(6) subpoenas on Amazon.com for post Rule 26(f) conference discovery—as permitted by the Court—in this matter. The parties' actions and filings effectively satisfy the stipulation requirement. *See, e.g.*, *Eastman v. Allstate Ins. Co.*, 2016 WL 795881, at *4 (S.D. Cal. Feb. 29, 2016) (holding it would have been "eminently reasonable" for defendant to believe that plaintiff stipulated to second deposition because plaintiff had joined in motion in which parties represented that the depositions in questions had been scheduled). Thus, no leave of court is required for the parties to have issued their subpoenas to Amazon.com.

Third, Apple made clear to the Court in its motion for expedited discovery that its request for discovery against Amazon.com would be narrow. Zellerbach Decl. ¶ 6, Ex. C (Mot. for Expedited Disc.) at 9, n.3 ("Given the very narrow scope of the expedited discovery that Apple seeks from Mobile Star, Groupon, and Amazon.com, Apple reserves its rights to take broader discovery from them following the Rule 26 conference."). The Court accepted that fact, and specifically reserved that Apple could conduct broader, additional discovery after the preliminary injunction was decided. *Id.* ¶ 8, Ex. E (Order on Expedited Disc.) ¶ 7 ("Nothing in the [order] prejudices either party's ability to take additional discovery following the parties' Rule 26(f) conference."). This Court need look no further to divine the intent of the court in the underlying matter to permit broader discovery after ruling on the preliminary injunction than its announcement that Apple would be entitled to more discovery after the preliminary injunction. *Id.* Ex. D (Expedited Disc. Hr'g Tr.) at 19:8-11 ("Mr. Zellerbach: If Apple, obviously, needs more discovery well after the preliminary injunction . . . The Court: You definitely will and you'll be entitled. I agree with you."). Accordingly, the Court in the underlying action has already held that discovery conducted under the expedited discovery phase of this litigation would not impact or prejudice the parties' ability to take further discovery after the preliminary injunction hearing. Apple's subpoena to Amazon.com does not violate the strictures of Rule 30(a)(2)(A)(ii).

**2. Amazon.com's Confidential/Proprietary Objection**

Amazon.com objects to the subpoena on the grounds that it seeks confidential, proprietary or trade secret information, as well as personally identifying information of its customers. As an initial matter, the court in the underlying action has issued a protective order in this case that governs the production of confidential information by the parties as well as non-parties to this action. Moreover, while Amazon.com's objection could theoretically apply to certain particular questions that might be asked during a future deposition, it certainly does not justify Amazon.com's decision simply not to appear for the deposition. Indeed, none of the deposition topics call for testimony identifying particular customer's by name (other than Mobile Star), and Apple is amenable to the deponent's using pseudonyms during testimony if necessary.

**D. <u>Deposition by Written Questions is Inadequate</u>**

Finally, Amazon.com has stated that, while it would not attend a deposition, it would consent to responding to written deposition questions under Federal Rule of Civil Procedure 31. This alternative is wholly insufficient for Apple's discovery needs in this matter for multiple reasons.

While depositions by written questions may, under certain circumstances, be appropriate, they are not appropriate here. There are multiple complex issues in this case that will require significant follow-up questioning that is simply not possible with written deposition questions. *See, e.g.*, *In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65, 69 n.2 (2d Cir. 2003) ("Experience has made it abundantly clear that the advantages of oral examination far outweigh the advantages of written [questions] in carrying out the deposition procedures in aid of discovery under the [Federal Rules of Civil Procedure]") (citation and quotation marks omitted); *Mill Run Tours, Inc. v. Khashoggi*, 124 F.R.D. 547, 549 (S.D.N.Y. 1989) (rejecting request to substitute written deposition questions for oral deposition because, inter alia, written deposition "does not permit the probing follow-up questions necessary in all but the simplest litigation").

The primary advantage of deposition by written questions is cost. As discussed above,

however, the cost to Amazon.com to attend a deposition in response to the Second Amended Subpoena will not be unduly burdensome in light of the needs of this case and the critical information that only Amazon.com can provide. Moreover, given the complexity of this action, ordering the parties to conduct a deposition by written questions may well increase the ultimate cost to the parties through disputes regarding the sufficiency of written answers and subsequent motion practice.[4]

## IV. CONCLUSION

For the reasons set forth above, Apple respectfully requests that the Court issue an order compelling Amazon.com to attend a deposition, no less than ten (10) days following the issuance of any order granting this motion, to testify as to the topics set forth in the Second Amended Subpoena.[5]

Dated: July 11, 2017

Respectfully Submitted,
ORRICK, HERRINGTON & SUTCLIFFE LLP

By: *s/Aravind Swaminathan*

Aravind Swaminathan (WSBA No. 33883)
aswaminathan@orrick.com
Charles J. Ha (WSBA No. 34430)
charlesha@orrick.com

701 5th Avenue, Suite 5600
Seattle, WA 98104
Telephone: +1 206-839-4300
Facsimile: +1 206-839-4301

*Attorneys for Petitioner Apple Inc.*

[4] Indeed, deposition by written questions is a lengthy and likely expensive process. Under Rule 31(a)(5), the deposing party must first serve notice of the deposition and its direct questions. Fourteen days thereafter, other parties to the underlying litigation have the opportunity to serve cross-questions. Seven days after that, redirect questions may be served, and seven days thereafter, recross questions may be served. All sets of questions are served prior to receiving any answers from the deponent and without any opportunity for follow-up questioning.

[5] In the alternative, Rule 45(f) authorizes this Court to transfer this Motion to "the issuing court" if "exceptional circumstances" exist." "[T]ransfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when the court has already ruled on these issues presented by the motion or the same issues are likely to arise in discovery in many districts." Fed. R. Civ. P. 45 (f) advisory committee's note to 2013 amendment. Here, Judge Orrick is familiar with the claims in this litigation and the role Amazon.com plays in connection with Apple's claims and Mobile Star's defenses. Judge Orrick is also best situated to rule on his intent in setting forth the expedited discovery schedule and the effect of expedited discovery on subsequent discovery.

# CERTIFICATE OF SERVICE

I, Heather E. Bond, do hereby certify and declare under penalty of perjury under the laws of the State of Washington as follows:

That I am an employee of Orrick, Herrington & Sutcliffe LLP, 701 Fifth Avenue, Suite 5600, Seattle, Washington 98104. On July 11, 2017, I served the following documents on counsel for Amazon.com via email pursuant to agreement of the parties and on counsel for Mobile Star LLC via overnight delivery:

DOCUMENTS

- **Motion to Compel Compliance with Subpoena;**
- **Declaration of Thomas H. Zellerbach in Support of Motion to Compel Compliance with Subpoena;**
- **Declaration of Aravind Swaminathan in Support of Motion to Compel Compliance with Subpoena;**
- **[Proposed] Order Compelling Amazon.com's Compliance with Subpoena;**
- **Apple, Inc.'s Rule 7.1 Corporate Disclosure Statement; and this**
- **Certificate of Service**

PARTIES:

John Goldmark
johngoldmark@dwt.com
Molly Tullman
mollytullman@dwt.com
DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, Washington 98101-3045
206.622.3150 direct
206.757.7700 fax

*Attorneys for Respondent Amazon.com*

Aaron J. Moss
AMoss@GreenbergGlusker.com
Joshua M. Geller
JGeller@GreenbergGlusker.com
GREENBERG GLUSKER
FIELDS CLAMAN & MACHTINGER
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590
Telephone: 310.553.3610
Fax: 310.553.0687
*Attorneys for Mobile Star, LLC*

Dated this 11th day of July, 2017, at Seattle, Washington.

*s/Heather E. Bond*
Heather E. Bond