1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9          WESTERN DISTRICT OF WASHINGTON

10                      AT SEATTLE

11

12   APPLE INC.,                          Case No.  2:17-mc-00070 RSL

13              Petitioner,               **DECLARATION OF THOMAS H.
                                          ZELLERBACH IN SUPPORT OF
                                          MOTION TO COMPEL
14        v.                              COMPLIANCE WITH SUBPOENA**

15   AMAZON.COM, INC.,                    Underlying case: *Apple Inc. v. Mobile
                                          Star, LLC,* No. 3:16-cv-6001-WHO (N.D.
16              Respondent.               Cal.)

17

18

19

20

21

22

23

24

25

26

27

28

ZELLERBACH DECLARATION

ORRICK, HERRINGTON & SUTCLIFFE LLP
701 5th Avenue, Suite 5600
Seattle, Washington  98104
+1 206-839-4300

1    I, Thomas H. Zellerbach, declare as follows:

2    1.    I am an attorney admitted to practice in the State of California and the United

3    States District Court for the Northern District of California. I am a partner at Orrick,

4    Herrington & Sutcliffe LLP, and counsel of record for Apple Inc. in the above referenced

5    underlying case.  I submit this declaration in support of Apple's Motion to Compel.

6    2.    I have personal knowledge of the facts set forth in this declaration could and

7    would competently testify to them under oath if called as a witness.

8    3.    Apple Inc. filed suit against Mobile Star, LLC ("Mobile Star") in the Northern

9    District of California on October 17, 2016.  The Northern District case number is

10    3:16-cv-6001, and the Hon. William H. Orrick is presiding.  Apple alleges that Mobile Star

11    violated the Lanham Act, 15 U.S.C. §§ 1114(1) (Trademark Counterfeiting and Infringement),

12    1125(a)(1)(A) (False Designation of Origin), the Copyright Act, 17 U.S.C. § 501 (Copyright

13    Infringement), and California unfair competition law.  A true and correct copy of Apple's

14    complaint in the Northern District of California action is attached as Exhibit A.

15    4.    Apple's claims against Mobile Star are, upon information and belief and sworn

16    declarations, based on test purchases of Apple-branded products that Apple made from

17    Amazon.com, Groupon, and Mobile Star.  Analyses by Apple showed that these products were

18    counterfeit.  Amazon.com identified Mobile Star as a supplier of the counterfeit products that

19    Apple purchased from Amazon.com.  Exhibit A ¶¶ 26-32.

20    5.    Apple filed a motion for preliminary injunction in the underlying action. In

21    support of its motion for preliminary injunction, Apple submitted the Declaration of Robert

22    Pearson, Apple's Director of Product Safety.  Mr. Pearson explained that Apple's test showed

23    that the counterfeit power products were so poorly designed and constructed that they posed

24    serious safety risks to consumers, including the possibility of fire, electric shock, and even

25    electrocution.  A true and correct copy of Mr. Pearson's Declaration is attached as Exhibit B.

26    6.    Apple also filed a motion for a court order permitting the parties to take

27    expedited discovery prior to the preliminary injunction hearing.  With respect to Amazon.com,

28    Apple sought expedited discovery on two specific topics in support of its preliminary

ZELLERBACH DECLARATION

ORRICK, HERRINGTON & SUTCLIFFE LLP
701 5th Avenue, Suite 5600
Seattle, Washington  98104
+1 206-839-4300

1    injunction motion: Amazon.com's purchase or acquisition of Apple-branded products from

2    Mobile Star in the past three years and Amazon.com's records substantiating that Mobile Star

3    was the source of products that Apple bought and identified as counterfeit.  In its request,

4    Apple specifically reserved its right to take broader discovery from Amazon.com after the

5    parties' Rule 26(f) conference.  A true and correct copy of Apple's Motion for Expedited

6    Discovery is attached as Exhibit C.

7          7.      A hearing was held on Apple's motion for expedited discovery on November 9,

8    2016. A true and correct copy of excerpts from the transcript is attached as Exhibit D.

9          8.      On November 15, 2016, Judge Orrick granted Apple's motion for expedited

10    discovery, stating that "[n]othing in the [order] prejudices either party's ability to take

11    additional discovery following the parties' Rule 26(f) conference."  A true and correct copy of

12    the Stipulation & Order Permitting Early Discovery, Setting Preliminary Injunction Briefing

13    Schedule and Continuing Initial Case Management Conference entered by the court is attached

14    at Exhibit E.

15          9.      On November 15, 2016, Apple issued, as part of that expedited discovery,  a

16    deposition subpoena to Amazon.com, Inc., requiring Amazon.com to provide a Rule 30(b)(6)

17    witness for deposition on December 16, 2016 and to produce documents necessary to Apple's

18    case against Mobile Star, Inc. (the "Expedited Discovery Subpoena").  Apple's subpoena

19    sought testimony on two deposition topics: (1) all Apple-marked products that Amazon.com

20    acquired from Mobile Star in the past three years; and (2) Amazon.com's source for products

21    associated with certain Amazon Standard Identification Numbers ("ASINs") and order

22    numbers.  A true and correct copy of Apple's November 15, 2016 Expedited Discovery

23    Subpoena is attached as Exhibit F.

24          10.      On November 29, 2016, Amazon.com served objections to Apple's November

25    15, 2016 subpoena, but agreed to produce some set of documents responsive to Apple's

26    request and to produce a witness on "narrower" topics than were requested.  Following

27    subsequent discussions with Amazon.com regarding the scope and timing of the deposition,

28    Amazon.com produced a Rule 30(b)(6) witness, Kevin Ireland, for deposition on January 11,

ZELLERBACH DECLARATION

- 2 -

1   2017.  Amazon.com's document production and deposition testimony were limited to one

2   method Amazon uses to determine the source of products in its inventory and how that method

3   applies to the twelve ASINs for which Amazon.com had identified Mobile Star as the source.

4        11.     The parties stipulated to a preliminary injunction on January 27, 2017, and

5   Judge Orrick entered the preliminary injunction order on January 30, 2017.

6        12.     After entry of the preliminary injunction against Mobile Star, the parties held

7   their Rule 26(f) conference on January 31, 2017.

8        13.     Following the expiration of the expedited discovery phase of this litigation,

9   Apple served Amazon.com with a subpoena on May 1, 2017, to provide a 30(b)(6) witness to

10  testify on seven topics (the "May 1 Subpoena").  Six of the seven topics were entirely distinct

11  from the topics identified in the Expedited Discovery Subpoena.  Only one topic overlapped at

12  all with a topic identified for testimony in the Expedited Discovery Subpoena; Apple sought

13  testimony on the identity and quantity of Apple-branded products that Amazon.com acquired

14  from Mobile Star for the four years prior to suit—to cover the accounting period for Apple's

15  recovery of profits from Mobile Star—instead of just for the past three years.  A true and

16  correct copy of Apple's May 1 Subpoena is attached as Exhibit G.

17       14.     On May 10, 2017, I spoke with counsel for Amazon.com. Counsel indicated to

18  me that Amazon.com was probably not available to attend the deposition on the scheduled

19  date, but stated that he would check on another date.  On May 11, 2017, counsel for

20  Amazon.com wrote me an email confirming that May 17, 2017 would not work for

21  Amazon.com and that he would get back to me once he and Amazon.com had a better sense of

22  timing.

23       15.     On May 15, 2017, Amazon.com served objections to Apple's May 1, 2017

24  subpoena, but failed to propose an alternative date for the deposition or even agree to provide a

25  Rule 30(b)(6) witness.  A true and correct copy of Amazon.com's May 15, 2017 Objections to

26  Apple's Subpoena to Nonparty Amazon is attached as Exhibit H.

27       16.     On May 16, 2017, Mobile Star served a subpoena on Amazon.com, seeking

28  document production and deposition testimony from a 30(b)(6) corporate representative (the

ZELLERBACH DECLARATION

- 3 -

1    "Mobile Star Subpoena").  The three topics set forth in the Mobile Star Subpoena are distinct

2    and separate from the topics identified in Apple's subpoenas.  A true and correct copy of the

3    Mobile Star Subpoena is attached as Exhibit I.

4            17.      On May 30, 2017, Apple served a Notice of Amended Subpoena Issued to

5    Amazon.com, Inc. (the "Amended Subpoena").  The Amended Subpoena set forth a new

6    deposition date because the date set forth in the May 1 Subpoena had passed and Amazon.com

7    had failed to provide any alternative dates.  The Amended Subpoena set forth topics that were

8    functionally identical to those contained in the May 1 Subpoena.  The Amended Subpoena also

9    set forth a number of document requests.  A true and correct copy of the Amended Subpoena is

10   attached as Exhibit J.

11           18.      On May 30, 2017, I informed Amazon.com's counsel that Apple was willing to

12   discuss alternative dates for compliance with the subpoena.  A true and correct copy of my

13   email is attached as Exhibit K.

14           19.      On June 13, 2017, Amazon.com served objections to Apple's May 30, 2017

15   subpoena.  Among other things, Amazon.com objected to Apple's issuance of "serial

16   subpoena[s]."  Referring to the Subpoena for Expedited Discovery, Amazon.com objected that

17   it had already provided a Rule 30(b)(6) witness and that Apple's Amended Subpoena "imposes

18   [an] undue burden and is inconsistent with the spirit and purpose of the Federal Rules."  A true

19   and correct copy of Amazon.com's June 13, 2017 Objections to Apple's Subpoena to

20   Nonparty Amazon is attached as Exhibit L.

21           20.      On June 20, 2017, I spoke with Amazon.com's counsel, John Goldmark, by

22   telephone. Mr. Goldmark indicated that Amazon.com was in the process of gathering

23   documents, but that Amazon.com was disinclined to produce a witness for deposition.

24           21.      On June 21, 2017, I wrote to Amazon.com, explaining that the Expedited

25   Discovery Subpoena ordered by the court was narrowly tailored so that Apple could obtain

26   basic information on an expedited basis in connection with its preliminary injunction motion.

27   I also advised Amazon.com that the court's order explicitly contemplated that Apple would be

28   permitted to take broader discovery after the parties' Rule 26(f) conference.  A true and correct

ZELLERBACH DECLARATION

- 4 -

ORRICK, HERRINGTON & SUTCLIFFE LLP
701 5th Avenue, Suite 5600
Seattle, Washington  98104
+1 206-839-4300

1   copy of my letter is attached as Exhibit M.

2          22.     On June 28, 2017, Apple served a Second Amended Deposition Subpoena to

3   Amazon.com setting July 7, 2017 as the date for deposition (the "Second Amended

4   Subpoena"). Apple served the Second Amended Subpoena because the deposition date set

5   forth in the Amended Subpoena had passed without resolution of whether the deposition

6   would proceed. The Second Amended Subpoena contained functionally identical deposition

7   topics as the May 1 Subpoena and the Amended Subpoena. It also contained document

8   requests identical to those set forth in the Amended Subpoena. A true and correct copy of

9   Apple's June 28, 2017 Second Amended Subpoena, with certificate of service, is attached as

10  Exhibit N.

11         23.     On June 29, 2017, counsel for Amazon.com responded to my June 21, 2017

12  letter. Amazon.com argued, among other things, that evidence of willful infringement could

13  be obtained directly from Mobile Star. A true and correct copy of this correspondence is

14  attached as Exhibit O.

15         24.     On July 5, 2017, Amazon.com served objections to Apple's June 28, 2017

16  subpoena, objecting for the very first time that "Apple's subpoena violates Rule 30's one

17  deposition rule, rendering it invalid and null and void." A true and correct copy of

18  Amazon.com's July 5, 2017 Objections to Apple's Subpoena to Nonparty Amazon is attached

19  as Exhibit P.

20         25.     Amazon.com also made clear that no witness would appear on July 7, 2017. A

21  true and correct copy of Mr. Goldmark's email is attached as Exhibit Q.

22

23         I declare under penalty of perjury that the forgoing is true and correct. Executed on

24  this 11th day of July, 2017.

25

26                                                        Thomas H. Zellerbach

27

28

ZELLERBACH DECLARATION

- 5 -

ORRICK, HERRINGTON & SUTCLIFFE LLP
701 5th Avenue, Suite 5600
Seattle, Washington  98104
+1 206-839-4300